FILED

08/09/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0521

# SYNOPSIS OF THE CASE[1]

**2022 MT 157, DA 21-0521: PLANNED PARENTHOOD OF MONTANA and JOEY BANKS, M.D., on behalf of themselves and their patients,** Plaintiffs and Appellees, v. **STATE OF MONTANA, by and through Austin Knudsen, in his official capacity as Attorney General,** Defendant and Appellant.

The Montana Supreme Court has upheld a Yellowstone County District Court order temporarily blocking three abortion laws passed by the 2021 Montana Legislature. The Court held that the District Court properly relied on the Court's 1999 *Armstrong* decision when it granted the preliminary injunction. That decision held that laws interfering with procreative and bodily autonomy are reviewed under a standard of strict scrutiny because of the Montana Constitution's express recognition of a right to individual privacy. Because that is the current status of the law in Montana, the District Court correctly concluded on the evidence before it that the three challenged laws appeared, at first sight, to violate the Montana Constitution and that abortion service providers and their patients would suffer great or irreparable injury if the laws were not enjoined.

The Court did not address the State's argument that it should overrule *Armstrong* because Montana's preliminary injunction standard prohibits courts from ruling on the underlying merits of a case at the preliminary relief stage. The purpose of a preliminary injunction is to preserve the status quo pending trial, not to resolve the ultimate merits of a case.

Applying *Armstrong*, the District Court determined that Plaintiffs made an initial showing that the three laws—House Bills (HB) 136, 171, and 140—appear to violate patients' rights to privacy, under Article II, Section 10, of the Montana Constitution, and abortion providers' right to free speech, under Article II, Section 7, of the Montana Constitution.

HB 136 would ban abortions beginning at twenty weeks from the patient's last menstrual period. HB 171 would eliminate tele-health services for medication abortions and add a variety of new credentialing, informed consent, and reporting requirements for abortion providers. HB 140 would mandate that an abortion provider offer patients the opportunity to listen to the fetal heart tone, view an active ultrasound, or view an ultrasound image prior to performing an abortion. The challenged laws also provide for various criminal penalties and for civil remedies.

The case returns to the District Court for consideration after a full trial on the merits.

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.